**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANKIE CARL CRAIG,

                Petitioner,              Case Number: 2:10-12356

v.                                   HON. DENISE PAGE HOOD

STEVE RIVARD,

                Respondent.

_____/

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Petitioner Frankie Carl Craig filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his convictions for first-degree murder, armed robbery and conspiracy to commit murder and armed robbery. Now before the court is Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance." For the reasons set forth, the Court will grant the motion and administratively close the matter.

### I.

Following a jury trial in Washtenaw County Circuit Court, Petitioner was convicted as set forth above. He was sentenced to life imprisonment for each conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.      Mr. Craig's constitutional right to due process was violated when the prosecution repeatedly engaged in misconduct during closing argument.

    II.     Mr. Craig's right to effective assistance of counsel was violated when counsel

failed to object to instances of prosecutorial misconduct at trial.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Craig*, No. 280679 (Mich. Ct. App. Jan. 27, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Craig*, No. 138346 (Mich. Sept. 11, 2009).

On June 4, 2010, Petitioner filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct review in state court. Now before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, while all of the claims presented in his habeas corpus petition have been exhausted, he would like the petition stayed while he returns to state court to exhaust five additional claims in state court. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of

limitations. *See* 28 U.S.C. § 2241(d)(1). The Michigan Supreme Court denied the petitioner's application for leave to appeal on September 11, 2009. *People v. Craig,* 485 Mich. 862 (Mich. Sept. 11, 2009). Petitioner's conviction became final ninety days later, on December 10, 2009, when the time during which the petitioner could have filed a petition for certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, December 11, 2009. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). Absent equitable tolling of the limitations period during the pendency of this petition, only approximately three months remain of the limitations period. Therefore, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). The Court finds that Petitioner has asserted good cause for failing previously to present these claims. In addition, the Court finds that these claims are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.

*See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" [dkt. #6] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that Respondent's "Motion for Extension of Time to File Response" [dkt. #5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 28, 2010

I hereby certify that a copy of the foregoing document was served upon Frankie Craig, Reg. No. 655831, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880 and counsel of record on October 28, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager